```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

                                  )
JOSHUA TONEY,                     )
        Plaintiff,                )
                                  )     Civil Action No.
        v.                        )     19-cv-10561-NMG
                                  )
ANDOVER STATE POLICE, et al.,     )
        Defendants.               )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se litigant Joshua Toney, who is incarcerated at MCI Cedar Junctions, brings this action under 42 U.S.C. § 1983 ("§ 1983") against the "Andover State Police," Lawrence District Court, and State Trooper Michael Guerriero. Toney has also filed motions for leave to proceed in forma pauperis and for the appointment of pro bono counsel. For the reasons set forth below, the Court will allow the motion for leave to proceed in forma pauperis, dismiss two defendants, order that a summons issue as to Trooper Guerriero, and deny without prejudice the motion for counsel.

I. **Background**

Toney claims that on April 14, 2017, Trooper Guerriero arrested him and seized the property that was on his person, including a gold chain and $749 in cash. Toney alleges that the chain and the cash were never returned to him, despite the order

of the state court judge presiding over the criminal proceeding for the return of his property.

## II. Discussion

### A. Motion for Leave to Proceed in Forma Pauperis

Upon review of the motion for leave to proceed in forma pauperis, the Court concludes that Toney is without income or assets to prepay the filing fee. The motion is therefore ALLOWED.

### B. Review of the Complaint

#### 1. Andover State Police and Lawrence District Court

Conducting a preliminary review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court concludes that Toney has failed to state a claim upon which relief can be granted against "Andover State Police" and the Lawrence District Court these two defendants.

Toney has filed this lawsuit against the defendants under § 1983, which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. However, the Supreme Court has ruled that a state (and its departments, agents, and individuals acting in official

capacity) is not a "person" within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Although "Andover State Police" and Lawrence District Court include a municipal designation, these defendants are actually agencies or departments of the Commonwealth of Massachusetts and therefore are not "persons" within the meaning of § 1983. It is clear from the exhibits to the complaint that defendant "Andover State Police" is actually a reference to the Andover Barracks of the Massachusetts State Police, which is agency of the state. See Compl. Ex. [ECF #1-1]. Lawrence District Court is part of the judicial branch of the state government and therefore is an arm the state. See M.G.L. ch. 218, § 1, et seq.

Because this pleading defect cannot be cured by amendment of the complaint, the Court will dismiss these two defendants. This dismissal is without prejudice to Toney amending his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to include claims against any individuals employed by these two defendants who were directly involved in the alleged constitutional violations.

**2. Trooper Guerierro**

Insofar as Toney is suing Trooper Guerierro in his official capacity, he has failed to state a claim upon which relief can be granted.

The terms "official capacity" and "individual capacity" have specific meaning in the context of litigation. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. (quoting Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690, n.55 (1978)).

A claim against Trooper Guerriero in his official capacity is therefore treated as a claim against the Massachusetts State Police, an arm of the state. As set forth above, the Massachusetts State Police is not a "person" within the meaning of § 1983. Nonetheless, Toney may pursue his § 1983 claims against Trooper Guerriero in his personal or individual capacity. This means that Toney may seek to hold Trooper Guerriero personally liable for his alleged misconduct, including actions undertaken in the execution of his duties as a State Trooper.

**C. Motion for the Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRoseirs v. Moran,

4

949 F.2d 15, 23 (1st Cir. 1991).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See id. at 24.

Here, because Trooper Guerriero has not responded to or even been served with the complaint, the Court cannot determine whether this case presents exceptional circumstances that would justify the appointment of pro bono counsel.  The Court therefore denies the motion without prejudice to renewal after Trooper Guerriero is served with and has responded to the complaint.

**III. Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.  The motion for leave to proceed in forma pauperis is ALLOWED.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $35.76.  The remainder of the fee, $314.24, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order to the treasurer of MCI Cedar Junction or other institution having custody of the plaintiff.

2.  The claims against "Andover State Police" and the Lawrence District Court are DISMISSED and these defendants shall be DISMISSED as parties to this action.

3. The official capacity claims against Trooper Guerriero are DISMISSED.

4. The Clerk shall issue a summons as to Trooper Guerriero. Toney is responsible for serving the summons, complaint, and this order on Trooper Guerriero in compliance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1.

5. Toney must complete the aforesaid service within 90 days of the date of this order. Failure to complete service in a timely fashion may result in dismissal of this action without further notice from the Court. See Fed. R. Civ. P. 4(m); Local Rule 4.1.

6. Because Toney is proceeding in forma pauperis, he may elect to have service completed by the United States Marshals Service ("USMS"). If Toney chooses to have service completed by the USMS, he shall provide the agency with all papers for service on the defendant and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with forms and instructions for service.

7. The motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated: 5/14/19